# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Healthcare Ally Management of California, LLC,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>Aetna Life Insurance Co. and DOES 1-10,<br>　　　Defendant. | CV 22-4826 DSF (KSx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. 16) |

　　　Plaintiff Healthcare Ally Management of California, LLC, (HAMOC) moves to remand this action to Los Angeles County Superior Court. Defendant Aetna Life Insurance Co. opposes. Dkt. 22 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion is GRANTED.

## I. BACKGROUND

　　　Keith Feder, M.D., Inc. has an agreement with HAMOC that allows him to assign unpaid or underpaid bills to HAMOC and allows HAMOC to take the legal action necessary to recover the outstanding payments. Dkt. 14 (FAC) ¶ 1. HAMOC brought this lawsuit to recover costs for services Dr. Feder rendered to two patients: I.S. and T.S. Id. ¶¶ 25, 45. Prior to providing services to these patients, Dr. Feder's representative confirmed with Aetna the amount Aetna would pay for the services. Id. ¶¶ 26-33, 45-51. Aetna paid for only a fraction of the services. Dr. Feder billed Aetna $27,750 and $18,000 for the services rendered to I.S.

and T.S. respectively. Aetna paid only $4,141.35 for I.S.'s services and $1,682.92 for T.S.'s services. Id. ¶¶ 39-40, 56-57.

HAMOC originally filed claims for breach of oral contract, promissory estoppel, violation of California Business & Professions Code §17200 *et seq.*, negligent misrepresentation, and breach of written contract. Dkt. 1-2 ¶¶ 59-100. The original complaint was filed in California Superior Court in Los Angeles County. Dkt. 1 at 1. On July 14, 2022, Aetna removed this case "pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 over matters arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (ERISA)." Id.

HAMOC filed an amended complaint, trimming its causes of action down to promissory estoppel and negligent misrepresentation. FAC ¶¶ 59-73. HAMOC concedes that "this case was colorably removed correctly" but argues it has now "removed the causes of action based on the Patients' health plans which made the removal colorably proper." Dkt. 24 (Reply) at 4. The remaining claims are based on representations that Aetna made to HAMOC about how much HAMOC would be paid. FAC ¶¶ 59-67 (promissory estoppel claim based on "material representations and misrepresentations of DEFENDANT made to Medical Provider"); ¶¶ 68-73 (negligent misrepresentation claim based Aetna "falsely represent[ing] to Medical Provider that payment for services would be based on UCR and not Medicare" and "Medical Provider then relied on DEFENDANT's misrepresentation and provided the services to patients").

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a).

2

"The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded.  28 U.S.C. § 1447(c).  Generally, doubts as to removability are resolved in favor of remanding the case.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. DISCUSSION

#### A.   Federal Question Jurisdiction

Aetna contends that there is still federal question jurisdiction over the claims left standing after the amendment because the claims are preempted by ERISA.  This Court disagrees.  The negligent misrepresentation claim and promissory estoppel claim are not preempted by ERISA.

There is federal question jurisdiction where "a federal statute wholly displaces the state-law cause of action through complete pre-emption."  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004).  A claim is preempted by ERISA (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)" and (2) there is "no other independent legal duty that is implicated by a defendant's actions."  Id. at 201.

HAMOC could not have brought the claims under ERISA statute. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941 (9th Cir. 2009) is instructive.  There the hospital had contacted an insurer to confirm a prospective patient's benefits.  After confirmation, the patient underwent a surgery for which the insurer paid less than half, despite previously confirming to the hospital that it would pay ninety percent.  Id. at 943.  The hospital sued for, among other things, negligent misrepresentation and estoppel.  Id.  The defendant removed the suit and the hospital moved to remand, arguing the claims were not preempted by ERISA.  The Ninth Circuit agreed.  Id. at 947-50.  The

3

hospital could not have brought the claims under ERISA, because the "claims [arose] out of the telephone conversation in which [Defendant] allegedly agreed to pay 90% of the patient's hospital charges," not the patient's ERISA plan. Id. at 947. That the claims related to a patient's ERISA plan was insufficient for preemption. Id. at 948.

The situation at hand is similar. The claims here arise out of representations Aetna made to the medical provider and, while they may relate to I.S. and T.S.'s ERISA plans, they do not arise out of those plans.

Even if Aetna proved the first Davila step, it would fail at the second step. An independent legal duty is invoked by the negligent misrepresentation and promissory estoppel claims. In Marin, the Ninth Circuit found an independent legal duty because the hospital was not seeking payment "owed under the patient's ERISA plan" but rather was seeking payment based on representations made in the conversation between the hospital and medical provider. Marin Gen. Hosp., 581 F.3d at 949-50. Whether ERISA existed or not, the insurer owed duties not to make misrepresentations to the provider. That the remedy was the same for rights under ERISA and the misrepresentations did not mean there was not an independent legal duty. Likewise, HAMOC seeks to recover based on the representations made by Aetna with Dr. Feder's representative, not for benefits due under the ERISA plan. Cf. Healthcare Mgmt. of California, LLC v. US Airways, Inc., No. CV 16-1411 PA (JCX), 2016 WL 1069944, at *3 (C.D. Cal. Mar. 17, 2016) ("all 'of the claims asserted in this complaint arise out of the Medical Provider's interactions with Defendant and are derived from the representations and warranties made during those conversations amongst those parties' . . . Plaintiff has alleged only claims based on implied rights and an oral contract, but has not alleged rights specifically growing out of assignments of ERISA beneficiaries, the Court cannot conclude that there is no other independent legal duty upon which Plaintiff's claims are based.").

Aetna cannot not meet either Davila step. The claims, therefore, are not preempted by ERISA. The Court does not have independent

4

federal question jurisdiction over the promissory estoppel and negligent representation claims.

## B.     Supplemental Jurisdiction

Aetna contends that, regardless of whether the remaining claims provide independent jurisdiction, HAMOC's dismissal of the federal claims does not change the fact that this Court has supplemental jurisdiction. HAMOC conceded that removal of the original complaint was "colorably proper." Reply at 4. Removal is analyzed on the basis of the pleadings *at the time of removal* and "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998), overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374 (2016); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1085 n.1 (9th Cir. 2009) (similar).

The "decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (internal quotation marks omitted); 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction"). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557 (10th Cir. 2000).

Although the original claims would allow the Court to retain jurisdiction, the Court exercises its discretion to remand the case. Aetna tries to argue that these factors point in a different direction because HAMOC knew about "complete preemption" and knew it was

"asserting a federal claim," but still "cloaked its cause of action as a state-law breach" and then when Aetna removed it to federal court, HAMOC "amended its complaint solely to defeat" jurisdiction. Opp'n 12-13. But HAMOC has not necessarily done anything wrong. It is not unscrupulous to initially file the "federal claims in state court"; it is merely "an offer to the defendant to litigate the federal claims in state court." Baddie v. Berkeley Farms, 64 F.3d 487, 491 (9th Cir. 1995). There is also "nothing manipulative" about a plaintiff dismissing federal claims to get back into state court, rather it is a "straightforward tactical decision." Id.; see also Langley v. MC Communs. Inc., 116 Fed. Appx. 59, 62 (9th Cir. 2004) ("it is a 'legitimate tactical decision,' and not bad faith, to dismiss federal claims after removal from state court"); Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013) (collecting cases where courts have "concluded that allegations of forum-shopping do not preclude remand where a defendant fails to raise other viable concerns"). The factors, therefore, weigh in favor of the court exercising its discretion and declining to retain jurisdiction.

    HAMOC's motion to remand is GRANTED.

    IT IS SO ORDERED.

Date: October 25, 2022

                                   Dale S. Fischer
                                   United States District Judge